JOURNAL ENTRY and OPINION
Appellant State of Ohio appeals the trial court's decision granting Hager's motion to suppress cocaine found in his home. The State entered and searched Hager's home without a warrant, claiming exigent circumstances as justification. The State assigns the following as error for our review:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS.
Hager did not file an appellate brief. Having reviewed the record and the available arguments, we affirm the trial court's decision. The apposite facts follow.
The State presented testimony of Cleveland Police Officers Douglas Dvorak and Brian Heffernan and co-defendant Brent Board. Their cumulative testimony formulates the following account.
Following an argument, Hager's estranged girlfriend (anonymous at trial) took four ounces of cocaine from Hager's home and proceeded to a house where she called the police who shortly thereafter arrived at her location. She gave the cocaine to the police and informed them that Hager possessed additional cocaine at his home. The police escorted her to police headquarters after she agreed to aid in securing the cocaine from Hager.
As they left for headquarters, the police stated they noticed Hager drive by and concluded he saw the girlfriend in their company. At headquarters, the girlfriend called Hager's cell phone under police direction. The police hoped to arrange a meeting between the girlfriend and Hager whereby the police would seize the cocaine. At some point during this time frame, the police began preparing an affidavit for a warrant to search Hager's home. When Hager did not answer his cell phone, the police became concerned that Hager was aware that the girlfriend was helping them. Rather than waiting for the warrant, the police established surveillance at Hager's home. Soon thereafter the police noticed a car occupied by two men leaving Hager's home. The police stopped the vehicle after it had traveled several blocks. The police searched the car and the occupants, but did not find any drugs. The police arrested the men in order to prevent them from alerting Hager of the police presence near his home.
Fearing the arrest may arouse Hager's suspicion by disrupting future plans between him and the arrested men, the police approached Hager's home intending to secure the premises. The police unintentionally notified Hager of their presence by parking too close to Hager's home. Hager met the police at his front door and ordered Board to dispose of the cocaine. The police then heard the sound of someone running up stairs. Believing Board was attempting to either flush the cocaine or obtain a weapon, the police entered Hager's home. The police found a bag of cocaine floating in the toilet bowl and two more bags clogged in the toilet drain.
At trial, the State argued, based on the exigent circumstances exception to the warrant requirement, the warrantless search was necessary. The police feared Hager was aware of the police presence and would have destroyed the cocaine had they not immediately conducted a search. The trial court granted Hager's motion to suppress the cocaine, reasoning that the police created the exigent circumstance when they arrived at the house. This appeal followed pursuant to Crim.R. 12(J).
Our standard of review of a trial court's grant or denial of a motion to suppress requires us to accept the trial court's findings of fact if supported by competent, credible evidence. State v. Curry (1994),95 Ohio App.3d 93, 96, 641 N.E.2d 1172. Then, without deference to the trial court, we must decide whether the trial court applied the appropriate legal standard. Id.; State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906.
In the instant case, this court must determine whether the trial court applied the appropriate legal standard when it decided to suppress the cocaine obtained pursuant to a warrantless search of Hager's home. The threshold question for our review is whether the warrantless search of Hager's home falls within the exigent circumstances exception to theFourth Amendment warrant requirement. We conclude that it does not.
The Fourth Amendment to the United States Constitution and Section 14
Article I of the Ohio Constitution secure an individual's right to be free from unreasonable searches and seizures, and require warrants to be particular and supported by probable cause. Warrantless entry by law enforcement personnel into premises in which an individual has a reasonable expectation of privacy is per se unreasonable, unless, it falls within a recognized exception to the warrant requirement. Minnesota v. Olson (1990), 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85; Payton v. New York (1980), 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639.
The existence of exigent circumstances, coupled with probable cause, is a well recognized and carefully delineated exception to the warrant requirement. Olson, 495 U.S. at 100, 110 S.Ct. at 1690, 109 L.Ed.2d 85; Welsh v. Wisconsin (1984), 466 U.S. 740, 749, 104 S.Ct. 2091, 2097,80 L.Ed.2d 732. The United States Supreme Court has identified four situations which form the appropriate standard for determining the existence of exigent circumstances; (1) hot pursuit of a fleeing felon, (2) imminent destruction of evidence, (3) the need to prevent escape, and (4) the risk of danger to police or others. Id.
Law enforcement agents bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches and arrests. Welsh, 466 U.S. at 749, 104 S.Ct. at 2097, 80 L.Ed.2d 732. The State must demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries. Id. at 750, 104 S.Ct. at 2098, 80 L.Ed.2d 732.
This court, applying State v. Jenkins (1995), 104 Ohio App.3d 265,66 N.E.2d 806, has repeatedly held that a warrantless search based upon police-created exigent circumstances is unreasonable. See, State v. Moncrease (April 13, 2000), Cuyahoga App. Nos. 76145, 76146, and 76147, unreported; and City of North Royalton v. Bramante (April 24, 1999), Cuyahoga App. No. 74019, unreported. In Jenkins, police received a tip that the defendant possessed marijuana in his apartment. The police knocked on defendant's door, but were denied entry. Fearing defendant was running to destroy the evidence, the police entered and seized the marijuana. The appellate court held that the search was unreasonable because the supposedly exigent circumstance existed solely due to the police presence.
We find the facts in Jenkins similar to those in the case at hand. Here, the police approached Hager's home based upon his girlfriend informing them that he possessed cocaine. The police were met by Hager at his front door. In direct response to the police's presence, Hager and Board attempted to destroy the cocaine. It is important to understand that prior to approaching Hager's home, the police had no reasonable basis to fear imminent destruction of evidence, danger to themselves or others, or any other exigent circumstance. Understanding the necessity under the circumstances to obtain a warrant, the police had no intention of conducting a search until after they reached Hager's front door and Board ran up the stairs. Only upon making their presence known did an exigent circumstance arise. Accordingly, we affirm the decision of the trial court.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.